UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| ROBERT CLIFFORD WEDDINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | 1:20-CV-00033-DCLC |
| | ) | |
| vs. | ) | |
| | ) | |
| US XPRESS, INC. and LIBERTY MUTUAL INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's motion to reopen case [Doc. 22]. For the following reasons, Plaintiff's motion [Doc. 22] is **DENIED** and Plaintiff's Amended Complaint filed on January 18, 2022 [Doc. 23] is **DISMISSED WITH PREJUDICE.**

**I.   BACKGROUND**

On December 15, 2020, the Court adopted the Report and Recommendation of the magistrate judge which dismissed this action without prejudice [Doc. 14].[1] The magistrate judge noted that Plaintiff alleged that this was "a workers comp case from Tennessee." [Doc. 11, pg. 2 citing Doc. 2, pg. 4]. Plaintiff had alleged a work-related injury on October 1, 2010 while delivering products in New Jersey. His case was "settled and approved by Workers Compensation Specialist with the Tennessee Department of Labor & Workforce Development." [Doc. 10, pg. 3]. After his lawyer stopped representing him, Plaintiff received the file and discovered

---

[1]   On January 21, 2021, Plaintiff filed a notice of appeal [Doc. 15], which he voluntarily dismissed on March 19, 2021 [Doc. 19]. The United States Court of Appeals for the Sixth Circuit also issued an order dismissing Plaintiff's appeal for want of prosecution because Plaintiff had not paid the proper fee [Doc. 21].

1

inaccuracies [Doc. 2, pg. 5]. Plaintiff alleged that while he was promised he would have lifetime insurance, he was never able to use it. The magistrate judge found his claim was barred by the exclusivity provisions of the Tennessee Worker's Compensation Act [Doc. 11, pg. 4] (citing Tenn. Code Ann. § 50-6-2018). When an employee is injured in a work-related injury, "[t]he rights and remedies granted to an employee subject to [the Tennessee Workers' Compensation Act] on account of personal injury … shall exclude all other rights and remedies." [*Id.*]. The magistrate judge noted that Plaintiff cannot appeal his workers compensation claim in federal court.

The magistrate judge also thoroughly examined Plaintiff's claim that Liberty Insurance Company dismissed his concerns for medical care and ignored his phone calls. The court found Plaintiff had not stated a claim against Liberty Insurance. The magistrate judge also examined the legal malpractice claim. He noted that all Plaintiff alleged was his lawyer failed to guide him through the process of obtaining workers' compensation benefits. In any event, the magistrate judge noted the statute of limitations had run as the lawyer stopped representing Plaintiff in 2014.

Plaintiff objected to the magistrate judge's Report and Recommendation. The district court considered his objections but adopted the Report and Recommendation in full, dismissing Plaintiff's case without prejudice on December 14, 2020 [Doc. 14]. Plaintiff appealed that judgment. While his appeal was pending, Plaintiff filed with this Court a "Motion to Dismiss Voluntarily Pursuant to Fed. R. App. 42(b)." [Doc. 19]. He stated that he intended to withdraw his appeal "because [he] refiled in Maryland District Court. With [sic] Corrections." [*Id.*]. But on March 31, 2021, the Sixth Circuit dismissed his appeal for failure to prosecute [Doc. 21].

## II.   PLAINTIFF'S MOTION TO REOPEN

On December 13, 2021, Plaintiff filed a motion to reopen his case [Doc. 22]. The Court liberally construes Plaintiff's motion to reopen as seeking relief from the Court's ruling pursuant

2

to Federal Rule of Civil Procedure 60(b). Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a [party] from a final judgment . . . for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Here, Plaintiff seeks to reopen the case "based off the defendants' actions and negligence." [Doc. 22, pg. 1]. Plaintiff argues that Defendants did not inform him that he had insurance and contends that "doctors and lawyers falsified document" to keep his "benefits and settlement very low" so that he would not be allowed to use his insurance benefits [*Id.*]. He claims that "a mediation specialist named Anna Pace Mueller, J.D. out of Nashville, Tn. In her email to Matthew Myers from Liberty Mutual she states [Plaintiff has] medical treatment for future issues is open." [Doc. 22, pg. 1]. He claims that "the companys doctors and lawyer approved life time insurance through Liberty Mutual Insurance Company, but [he] was never allowed to use this insurance." [Doc. 22, pg. 2]. He argues that the doctors and lawyers falsified documents, told him he had life time insurance "and never allow[ed him] to use it…." [*Id.*]. He claims this "shows medical malpractice, legal malpractice, breach of contract, and violation of my constitutional right of the 8th Amendment." [*Id.*].

As an initial matter, Plaintiff alleged all these issues in his initial Complaint that was reviewed by both the magistrate judge and the district judge. Thus, he has not presented any new information that would warrant granting a Rule 60(b) motion. Although he claims the company

3

Case 1:20-cv-00033-DCLC-CHS   Document 24   Filed 03/07/22   Page 3 of 5   PageID #: 77

doctors committed fraud, that allegation only pertains to his claim for workers compensation benefits. Finally, he has not provided the Court with any other reason that would justify granting his Rule 60(b) motion and reopening the case. He only realleges his original allegations which the Court has already thoroughly addressed and found lacking.[2] For these reasons, Plaintiff's motion to reopen case [Doc. 22] is **DENIED**.

### III. PLAINTIFF'S AMENDED COMPLAINT [DOC. 23].

The Court notes that Plaintiff filed an Amended Complaint on January 18, 2022 [Doc. 23]. This Court has undertaken to review this Amended Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) and again finds that Plaintiff has failed to state a claim and dismisses with prejudice this Amended Complaint under 28 U.S.C. § 1915 for failure to state a claim. *See Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir.2007) (recognizing that dismissing a claim under 28 U.S.C. § 1915 for failure to state a claim operates as a "dismissal with prejudice").

In his Amended Complaint, Plaintiff again claims he is "suing for denied medical benefits by adjuster, cruel and indefferace [sic] treatment, by Matthew Myers and Scott Morgan, for the amount of $3,500,000.00. Plaintiff believe[s] that the amount is justified for the refusal of treatment over a period of 7 years." [Doc. 23, pg. 3-4]. Plaintiff raises in his Amended Complaint the same claims the Court already reviewed and found failed to state a claim. As noted, the Court found Plaintiff's exclusive remedy for his workers compensation claims for medical treatment was under the Tennessee Workers Compensation Act. Nothing has changed that conclusion. In his

---

[2] Plaintiff, in his Motion to Reopen, states "Can the Courts tell me by falsifying forms and not allowing me to use my Insurance rewarded to me, [to] this day, do I have a recognizable claim.?" The Court cannot answer whether Plaintiff has or does not have a claim for medical services under the Workers Compensation Act. He claims he was injured while on the job and continues to need medical treatment. But under Plaintiff's allegations, that he was injured in New Jersey while working, his claim is not a *federal* cause of action.

4

Amended Complaint, he alleges again that in October 2010, "Plaintiff was in an accident while delivering for Dollar Tree account in New Jersey." [Doc. 23, pg. 1]. He then alleges that his claim relates to the denial of workers compensation benefits. For the same reasons the Court dismissed without prejudice Plaintiff's initial complaint, his Amended Complaint [Doc. 23] is hereby **DISMISSED WITH PREJUDICE** for failure to state a claim.

A separate judgment shall enter.

**SO ORDERED:**

s/Clifton L. Corker  
United States District Judge