UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| ROBERT CLIFFORD WEDDINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | 1:20-CV-00033-DCLC-CHS |
| | ) | |
| v. | ) | |
| | ) | |
| US XPRESS, INC. and LIBERTY MUTUAL INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on Plaintiff's two Motions to "Appoint Counsel and Reopen Case." [Docs. 28, 29]. For the reasons that follow, both motions [Docs. 28, 29] are **DENIED**.

**I.      BACKGROUND**

Plaintiff Robert Weddington, proceeding *pro se*, initiated this action against Defendants US Xpress, Inc., and Liberty Mutual Insurance Company. [Doc. 2]. Weddington claimed that he was entitled to damages from his former employer, US Xpress, and their insurer, Liberty Mutual, for a 2010 work-related injury. [*Id.*]. The Magistrate Judge screened Weddington's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and recommended that the Court dismiss the case for failure to state a claim upon which relief can be granted. [Doc. 11]. The Court adopted that recommendation and dismissed the case without prejudice on December 15, 2020. [Doc. 14]. Weddington appealed, and the Sixth Circuit dismissed the appeal for want of prosecution. [Docs. 20, 21].

Then, eight months after the Sixth Circuit dismissed his appeal, Weddington moved the Court to reopen his case [Doc. 22] and filed an Amended Complaint [Doc. 23]. The Court denied the motion to reopen the case and dismissed with prejudice the amended complaint. [Doc. 24].

1

Weddington then filed a second motion for reconsideration on the grounds that he had newly discovered evidence. [Doc. 26]. Again, the Court denied the motion for reconsideration, explaining that the one-year time limit to move for reconsideration under Rule 60(b) on the basis of new evidence had lapsed. [Doc. 27]. And in its order denying the second motion for reconsideration, the Court made clear that "[t]his case remains closed, and no further pleadings shall be filed in this matter." [*Id.* at 2].

Apparently Weddington paid no heed to the Court's prior order, because he has now filed two additional motions "to appoint counsel and reopen case." [Docs. 28, 29]. The crux of these motions is that Weddington has now undergone an X-Ray and an MRI, and he contends that the report of those tests "shows a colorable claim and justify [sic] reopening of the case." [Doc. 28, pg. 2].

**II.     ANALYSIS**

To begin, because Weddington is proceeding *pro se*, the Court liberally construes his motions as seeking relief from a final judgment under Fed. R. Civ. P. 60(b). *See Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006) (noting that *pro se* filings are liberally construed). The Court entered final judgment in this case on December 15, 2020 [Doc. 14], when it dismissed Weddington's claims without prejudice. *See Hoover v. Timken Co.*, 30 F. App'x 511, 513 (6th Cir. 2002) (finding that dismissal without prejudice is a final judgment where "dismissal of the case ended the suit as far as the district court was concerned").

Fed. R. Civ. P. 60(b)(2) allows a party to move for relief from a final judgment for "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." For the purpose of Rule 60(b), "newly discovered evidence" is evidence which was previously unavailable. *GenCorp, Inc. v. Am. Int'l Underwriters*,

2

178 F.3d 804, 834 (6th Cir. 1999).

The evidence Weddington proffers here is not "newly discovered" within the meaning of the rule. Weddington offers a record of an MRI and an X-Ray which he contends proves that he suffered the injury alleged in his complaint. [Doc. 28, pg. 2]. Further, Weddington maintains that the new medical tests prove that the injury has worsened over the years. [Doc. 29, pg. 1–2]. But these test results are not "newly discovered evidence" solely because Weddington opted only recently to have them performed, nearly 15 years after the alleged injury. Weddington could have undergone the tests shortly after he suffered the injury. And tests done at the time would have revealed what injury—if any—Weddington suffered. This evidence was not "unavailable" at the time, Weddington simply failed to exercise reasonable diligence to discover it. *See* Fed. R. Civ. P. 60(b)(2).

And even if Weddington had newly discovered evidence, the Court could not consider it via a Rule 60(b) motion. Fed. R. Civ. P. 60(c)(1) provides that a motion for relief from final judgment on the basis of newly discovered evidence must be made no more than a year after the entry of the judgment or order. The Court entered final judgment in this case over four years ago on December 14, 2020.[1] [Doc. 14]. Weddington's motion is not timely made, and the Court cannot entertain it under Fed. R. Civ. P. 60.

### III. CONCLUSION

For the foregoing reasons, Weddington's motions [Docs. 28, 29] are **DENIED**. The Court again stresses to Weddington that this case is closed, final judgment has been entered, and that no further filings shall be made.

---

[1] Even if the Court considered the dismissal of the Amended Complaint the final judgment in this case Weddington's motion would be untimely, as nearly three years has passed since that order. [Doc. 24].

3

**SO ORDERED:**

                                              s/Clifton L. Corker
                                              United States District Judge